## Susanna Hudson *et al.*

*v.*

## Mary Hadden.

ERROR *in admitting, not cause for reversal where the other evidence is sufficient.* Although the court may err in admitting evidence on the hearing of a petition for partition, yet if there is enough evidence, aside from that improperly admitted, to sustain the decree rendered, it will not be reversed.

APPEAL from the Circuit Court of Marion county; the Hon. Amos Watts, Judge, presiding.

Mr. S. L. Bryan, and Mr. B. B. Smith, for the appellants.

Mr. T. E. Merritt, and Mr. H. C. Goodnow, for the appellee.

Mr. Chief Justice Sheldon delivered the opinion of the Court:

This was a petition for partition of two parcels of land, one of 18½ acres, the other of 36 acres, filed January 21, 1876, by Mary Hadden against Susanna Hudson and Samuel Sweet.

The petition set out that the said Mary and Susanna were the owners of the land in fee simple in equal parts, deriving title as follows: that Malinda Hudson died seized of the lands in fee, October 1, 1858, leaving surviving her the petitioner, Benjamin Hudson, her daughter and son, to whom, as her sole heirs at law, the lands descended; that on the 26th of July, 1872, Benjamin Hudson died, leaving his widow, Susanna Hudson, and no children, surviving him, having in his life-time made a will giving all his real estate to his wife, Susanna; that Samuel Sweet then lived upon the land as a renter.

The answer admitted the allegations of the petition, except that petitioner was a joint owner with Susanna Hudson of the lands described in the petition, which the answer denied, as also that the petitioner had any interest in the lands described in the petition, and set up that Malinda Hudson, the ancestress as aforesaid of the petitioner and Benjamin Hudson, died

seized not only of the lands described in the petition, but of something more than double the quantity of land described therein, which descended to the petitioner and said Benjamin in common, and that they subsequently made partition between themselves of all the lands which descended to them from said Malinda, and made deeds to each other for their respective parts; that petitioner deeded to said Benjamin all her right and interest in the lands described in the petition; that they entered upon the enjoyment of their respective portions; that the said Benjamin occupied the lands described in the petition, and paid taxes thereon for nearly seventeen years before his death.

The court below, upon hearing, decreed partition as prayed for, and the defendants appealed.

While there is considerable evidence which tends to show that there was a partition made between the parties, as set up in the answer,—such as the payment of taxes ever since 1858, by Benjamin Hudson and Susanna Hudson, on the lands described in the petition, and their separate occupancy of the same—the surveying out of the 18½-acre tract, and the sale and conveyance of the east half of it by the petitioner to Samuel Sweet in 1866, and his occupancy of it ever since—the repeated inquiries made by Benjamin Hudson of petitioner if she still had the deed to him of his half of the lands, and her repeated declarations that she had made a deed to him once, and would not make him another,—still, we are not ready to say, in view of the whole evidence, that it satisfactorily establishes the fact of such partition.

There is no direct evidence of the making of any partition. There is no evidence of any deed from Benjamin Hudson to the petitioner; we see no evidence of her separate occupancy of any portion of the land.

The witness, Soloman Siple, testified that Benjamin Hudson, in his lifetime, and Mary Hadden, the petitioner, came to him, at which time he was a justice of the peace, and wanted him to make a deed for the division of these lands; that he made some deeds, but they were never signed by the parties;

that the arrangement for the division, for some cause, fell through, and was never consummated; that since the commencement of this suit he examined his papers and found their deeds filled out, but they had never been signed or acknowledged.

We think this to be the reasonable explanation of the circumstances, that the parties had contemplated a partition, and took steps toward it, but never actually consummated it. Although the court erred in admitting some portions of the evidence of Mary Hadden and her husband, there was enough evidence besides to sustain the decree.

The decree will be affirmed.

*Decree affirmed.*